# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **V.** ) | **Criminal Case No.** |
| ) | **10-3029-01/02-CR-S-GAF** |
| ) | |
| **Wesley Paul Coonce, Jr.,** ) | |
| **Charles Michael Hall,** ) | |
| ) | |
| **Defendants.** ) | |

# ORDER

Pending before the Court is the defendant Wesley Paul Coonce's ("Coonce") *Motion To Take Deposition Pursuant to Federal Rule of Criminal Procedure 15 And For Court Authorization To Incur Related Costs*, filed December 28, 2012 [Doc. 226]. Coonce and his co-defendant Charles Michael Hall "(Hall") are charged with aiding and assisting each other in the murder of another inmate during their incarceration at the United States Medical Center for Federal Prisoners ("USMCFP"). Based upon the nature of the alleged murder, and the fact that Coonce was serving a life sentence at the time, the Government is seeking the death sentence for both Coonce and Hall. In his motion, Coonce requests, pursuant to Federal Rule of Criminal Procedure 15(a), to take the video deposition of prospective defense/Government witness Johnny Bass, ("Bass") an inmate presently housed at the United States Medical Center for Federal Prisoners.

Federal Rule of Criminal Procedure 15(a) provides:

> A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice.

In support of his motion, Coonce asserts that during an interview of Bass attended by all counsel on December 5, 2012,[1] Bass provided extensive details of numerous conversations with Hall wherein Hall consistently took primary responsibility for the murder and indicated that Coonce's involvement was relatively minor. Coonce contends that the testimony of Bass is critically important to his defense as well as supporting statutory and non-statutory mitigating factors during the penalty phase of the trial. Coonce's Rule 15 request arises out of concern that Bass, who has a lifelong history of mental health issues including bipolar disorder, depression, numerous suicide attempts, criminal activities and other significant mental health issues, is scheduled to be released from custody in August 2013, well before the April 28, 2014 trial setting in this case. Coonce asserts significant concern that upon Bass' release from custody, and without the mental health support currently provided at USCMFP, there is a substantial risk that Bass will be unavailable for trial because throughout his life, when not in custody, his mental health has deteriorated sharply, his medications stop or are not properly monitored, and his criminal, depressive and suicidal behavior emerge. Coonce contends that Bass could be unavailable for various reasons, to wit:

---

[1] Bass agreed to meet with counsel only in the presence of his USMCFP psychologist, Dr. Elizabeth Weiner. As represented by counsel for Coonce, Bass, although somewhat paranoid or fearful, was obviously properly medicated and was able to recall events and details of his conversations with Coonce. Bass also consented to Dr. Weiner talking to counsel outside his presence about issues related to his mental health.

Bass' mental state may deteriorate to the point where he is mentally unable to testify;

Bass may become unmedicated or over-medicated to the point where he is unable to accurately remember events described in his interview with counsel; and/or

In the absence of consistent medical oversight, Bass may engage in new criminal conduct, commit suicide or harm himself in a way that makes it impossible for him to testify.

The Government opposes Coonce's motion as being too speculative regarding Bass' availability at the time of trial, in light of Bass' indication during the interview with counsel that he understood the importance of taking his medication upon release.[2]

After due consideration of the issues presented, and in light of the potential severity of the sentence in this case, the historically precarious nature of the Bass' mental health as well as the attendant vagaries of Bass' location,[3] availability and ability to access appropriate medical supervision and medications after his release from custody, the Court finds that exceptional circumstances exist such that the interests of justice are served by allowing the deposition of Bass to preserve testimony for trial.

Accordingly, it is

**ORDERED** that *Motion To Take Deposition Pursuant to Federal Rule of Criminal Procedure 15 And For Court Authorization To Incur Related Costs*, filed December 28, 2012 [Doc. 226] is **GRANTED**. It is further

---

[2] In addition, Dr. Weiner indicated Bass understood the importance of continuing appropriate medication upon his release.

[3] Bass indicated he intends to return to the Central District of California upon his release from federal custody.

**ORDERED** that the videotaped deposition of Johnny Bass, an inmate at the United States Medical Center for Federal Prisoners, shall be taken at a time mutually agreed upon and convenient to all parties,[4] so that his testimony may be preserved for trial should he become unavailable. To that end, appointed counsel is granted authorization to incur the cost associated with the court reporter/transcription/video recording of this deposition.

                                        */s/ John T. Maughmer*
                                        **JOHN T. MAUGHMER**
                                        **U. S. MAGISTRATE JUDGE**

---

[4] The Court notes that counsel for Coonce anticipates that Coonce will waive in writing his appearance at the deposition consistent with Rule 15(c)(1)(A). Should that circumstance change, counsel shall so advise immediately other counsel as well as the Court.